**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **STEPHEN TODD STEVENS** | * | |
| | * | |
| **Appellant** | * | |
| | * | |
| **v.** | * | |
| | * | **Civil No.: PJM 11-060** |
| **STEPHEN SHOWALTER** | * | |
| | * | |
| **Appellee** | * | |

<u>**MEMORANDUM OPINION**</u>

Stephen Todd Stevens has appealed a decision of the United States Bankruptcy Court issued in *Showalter v. Stevens*, Adversary Proceeding No. 09-00854, Bankr. Case No. 09-10127 (Bankr. Md.). The Court has jurisdiction over the appeal pursuant to 28 U.S.C. § 158(a). No hearing is necessary to dispose of this matter. *See* Local R. 105.6 (D. Md.). For the following reasons, the Court **AFFIRMS** the decision of the Bankruptcy Court.

**I.**

The facts of the case are these:

In late 2004, Stevens and Appellee Stephen Showalter entered into a contract, whereby Stevens agreed to purchase Showalter's ownership interest in two corporations, Building Specs, Inc. and Building Specs of Annapolis, Inc., for the price of $1,000,000. Pursuant to the agreement, Stevens was to pay $50,000 at the time of contract formation, an additional $250,000 by January 15, 2005, and the remaining balance of $700,000 over an agreed-upon timeframe. The money owed was secured by a promissory note and a deed of trust on real property owned by Stevens in Upper Marlboro, Maryland. The contract also included a stock pledge agreement for the two companies, a life insurance policy on Stevens' life for the benefit of Showalter, and UCC financing statements to secure the amount owed. Stevens eventually defaulted under the

terms of the note, after which, on October 29, 2008, Showalter entered a confessed judgment against Stevens in the Circuit Court for Anne Arundel County, Maryland in the amount of $854,514.30.

On January 5, 2009, Stevens filed for Chapter 13 bankruptcy protection in the Bankruptcy Court of this District. Subsequently, on March 13, 2009, he moved to convert the case to Chapter 7. Then, on December 18, 2009, Showalter instituted an adversary proceeding[1] against Stevens in the Bankruptcy Court, in which he appeared to allege that Stevens had been unlawfully concealing or depleting assets in order to deprive Showalter and other creditors of their respective interests in the bankruptcy estate.

In the Complaint he filed against Stevens in the Bankruptcy Court, Showalter alleged, in somewhat conclusory language, that Stevens had been "funneling, transferring, or otherwise appropriating" assets in an effort to "intentionally hide, deplete, and dissipate" funds in which Showalter and others held an interest. Although the Complaint was short on specifics, it expressly invoked 11 U.S.C. § 727, which states, among other things, that a discharge shall not be granted where the debtor:

> with intent to hinder, delay, or defraud a creditor . . . , has transferred, removed, destroyed, mutilated, or concealed . . . : (A) property of the debtor, within one year before the date of the filing of the petition; or (B) property of the estate, after the date of the filing of the petition.

11 U.S.C. § 727(a)(2).

Despite the somewhat conclusory nature of the allegations in the Complaint, Stevens filed an Answer on January 28, 2010. The Bankruptcy Court then issued a Scheduling Order, and

---

[1] Pursuant to 28 U.S.C. § 157(b), Bankruptcy judges have the authority to hear "all core proceedings arising under title 11," including objections to discharges. 28 U.S.C. § 157(b)(2)(J).

the parties proceeded to discovery.[2] Then, on July 9, 2010, more than five months after he answered the Complaint, Stevens filed a Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6),[3] in which he argued that Showalter's Complaint was virtually devoid of factual allegations and therefore failed to comply with the plausibility standard articulated by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009).[4] Showalter opposed the Motion, arguing that it was untimely and that, in any event, his allegations were sufficiently pled under *Twombly* and *Iqbal*. Less than a month later, the Bankruptcy Court denied the Motion to Dismiss without a hearing and without offering an explanation—written or otherwise.

The matter later proceeded to trial,[5] after which Bankruptcy Judge Paul Mannes issued a decision denying Stevens a discharge on the grounds that Stevens had taken "numerous steps within the year preceding the filing of his bankruptcy petition to remove property from his control so as to put such property out of [Showalter's] reach." *Showalter v. Stevens*, Adversary Proceeding No. 09-00854, Bankr. Case No. 09-10127, 2010 Bankr. LEXIS 4400, at *7 (Bankr.

---

[2] According to Showalter, Stevens refused to: attend noted depositions, respond to interrogatories, and produce requested documents. Showalter ultimately filed a Motion to Compel, which the Bankruptcy Court granted on July 1, 2010, giving Stevens until July 8, 2010 to produce the requested discovery. However, rather than responding to the discovery requests by that date, Stevens filed a Motion to Dismiss, discussed *infra*.

[3] Federal Rule of Civil Procedure 12(b)(6), which permits a party to raise the defense of failure to state a claim in a pre-pleading motion, applies in adversary proceedings in Bankruptcy Court. *See* Fed. R. Bankr. P. 7012(b) ("[Federal Rule of Civil Procedure] 12(b)-(i) applies in adversary proceedings.").

[4] In *Twombly* and *Iqbal*, the Supreme Court held that a Complaint may not rely on naked assertions, speculation, or mere legal conclusions, *Twombly*, 550 U.S. at 556-57, and that the allegations in a Complaint must present enough factual content to render a claim "plausible on its face," i.e., to enable the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 129 S. Ct. at 1949.

[5] Prior to trial, Showalter filed a Motion for Summary Judgment, which Stevens opposed on the grounds that "there is a material dispute of fact that goes to Mr. Stevens' intent [under 11 § U.S.C. 727(a),] . . . an issue for the trier of fact." By Order dated November 1, 2010, the Bankruptcy Court denied Showalter's Motion for Summary Judgment. No other dispositive motions were filed by either party before trial, and neither party filed or renewed a dispositive motion at trial.

Md. Nov. 30, 2010). At the outset of his Opinion, Judge Mannes wrote the following in a brief footnote:

> While the Complaint did not contain sufficient factual matter to state a claim plausible on its face sufficient to meet the pleading test set forth in such cases as [*Twombly* and *Iqbal*], this issue was not raised by the defendant. Therefore, the case was tried under 'the old rules' of notice pleading.

*Id.* at *1 n.1.

This appeal followed.

## II.

On appeal, Stevens argues that the Bankruptcy Court committed reversible error when it denied his Motion to Dismiss and thereby declined to dismiss Showalter's Complaint for failing to meet the pleading requirements of Federal Rule of Civil Procedure 8(a)(2).[6] In response, Showalter argues that Stevens procedurally waived his right to challenge the sufficiency of the allegations in the Complaint, and that, in any event, the allegations in the Complaint were sufficiently pled.[7]

## III.

A district court reviews conclusions of law made by a bankruptcy court *de novo*. *See Cypher Chiropractic Ctr. v. Runski*, 102 F.3d 744, 745 (4th Cir. 1996). The bankruptcy court's findings of fact, however, "shall not be set aside unless clearly erroneous." Fed. R. Bankr. P. 8013; *see also In re Bryson Props., XVIII*, 961 F.2d 496, 499 (4th Cir. 1992). A finding of fact is clearly erroneous when, "although there is evidence to support it, the reviewing court on the

---

[6] Federal Rule of Civil Procedure 8(a)(2), which states that a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief," applies in adversary proceedings in Bankruptcy Court. *See* Fed. R. Bankr. P. 7008(a) ("[Federal Rule of Civil Procedure] 8 applies in adversary proceedings.").

[7] Stevens apparently declined to file a reply brief in this appeal.

entire evidence is left with the definite and firm conviction that a mistake has been committed."

*Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

Nevertheless, even where a bankruptcy court commits an error of law or makes a clearly erroneous factual finding, its error will not result in reversal so long as the reviewing district court concludes that the error was harmless. *See In re Travelstead*, 227 B.R. 638, 644 (D. Md. 1998) (noting that the harmless error doctrine applies to a district court's review of the decision of a bankruptcy court).

Because the issue raised in this case is a question of law—i.e., whether the Bankruptcy Court erred when it declined to dismiss Showalter's Complaint for failure to state a claim—the Court reviews the Bankruptcy Court's decision *de novo*.

## IV.

Pursuant to the plain language of Federal Rule of Civil Procedure 12(b), it is beyond dispute that a motion to dismiss brought pursuant to Rule 12(b)(6) is untimely when presented after the filing of an answer. *See* Fed. R. Civ. P. 12(b) (noting that a 12(b)(6) motion "*must* be made before pleading if a responsive pleading is allowed") (emphasis added).

However, a failure to submit a 12(b)(6) defense before pleading is not necessarily fatal because a defendant retains the right to raise the defense of failure to state a claim: (1) by filing a motion for judgment on the pleadings, pursuant to Rule 12(c), after the pleadings are closed but early enough not to delay trial, *see* Fed. R. Civ. P. 12(h)(2)(B); or (2) by raising the defense at trial, *see* Fed. R. Civ. P. 12(h)(2)(C). Given this, many courts have concluded that a court may construe an untimely Rule 12(b)(6) motion as a Rule 12(c) motion for judgment on the pleadings. *See, e.g.*, *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999); *Patel v.*

*Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001); *Satkowiak v. Bay County Sheriff's Dep't*, 47 F. App'x 376, 377 n.1 (6th Cir. 2002).

It is equally true that, where a plaintiff's complaint fails to state a claim upon which relief can be granted, courts routinely grant leave to amend to provide the plaintiff with an opportunity to cure the errors in his complaint. *See Hayden v. Paterson*, 594 F.3d 150, 161 n.9 (2d Cir. 2010) (noting that, even when a complaint falls short of the *Twombly/Iqbal* plausibility standard, "a court should freely give leave to amend before trial when justice so requires") (internal citations and quotation marks omitted). Indeed, "leave to amend should be denied only when . . . amendment would be prejudicial to the opposing party, there has been bad faith on the part of the [party seeking to amend], or amendment would be futile." *Matrix Capital Mgmt. Fund, LP v. BearingPoint, Inc.*, 576 F.3d 172, 193 (4th Cir. 2009); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."); Fed R. Civ. P. 15(b)(1) (noting that, even at trial, the court "should freely permit an amendment" to conform the pleadings to the proof "when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits").

Further still, it is undeniable that, at some point, a defendant no longer retains the right to claim that he has been prejudiced by deficiencies in a plaintiff's complaint. *See Eberhardt v. Integrated Design & Constr., Inc.*, 167 F.3d 861, 870-71 (4th Cir. 1999) (noting that a defense of failure to state a claim cannot be brought after a trial on the merits, and that deficiencies in a complaint do not violate a defendant's due process rights where the defendant has had ample opportunity to move for dismissal prior to and during trial). After all, the primary purpose of allowing disposal of lawsuits at the motion to dismiss stage is not to foreclose meritorious claims

through resort to technicalities, but rather to prevent a defendant from having to endure the time and expense of litigation in defense of a dubious claim. *See Francis v. Giacomelli*, 588 F.3d 186, 193 & n.2 (4th Cir. 2009) (noting that the Supreme Court's decisions in *Twombly* and *Iqbal* were driven, at least in part, by the problems created by "strike suits," whereby plaintiffs bring "largely groundless claims to justify conducting extensive and costly discovery with the hope of forcing [defendants] to settle at a premium to avoid the costs of the discovery").

**V.**

Applying these principles, the Court concludes with little difficulty that the Bankruptcy Court did not commit reversible error in declining to dismiss Showalter's Complaint for failure to state a claim.

To begin, it is beyond dispute that Stevens' Motion to Dismiss, which was expressly brought pursuant to Rule 12(b)(6), was presented after the filing of his answer and was, therefore, untimely. *See* Fed. R. Civ. P. 12(b) (noting that a 12(b)(6) motion "*must* be made before pleading if a responsive pleading is allowed") (emphasis added). Stevens does not deny this, choosing instead to conveniently ignore it in his brief on appeal. In light of Rule 12(b)'s clear command, the Court declines to find that the Bankruptcy Court committed any reversible error in denying Stevens' Motion.[8]

---

[8] It is true, of course, that a court considering an untimely Rule 12(b)(6) motion may choose to construe the motion as a Rule 12(c) motion for judgment on the pleadings. *See, e.g., Edwards*, 178 F.3d at 243. However, having found no binding authority demonstrating that a court unequivocally *must* do so, nor any authority demonstrating that a failure to do so necessitates the undoing of a trial on the merits where, as here, the defendant fails to re-assert his defense in subsequent proceedings, the Court does not read *Edwards* and/or similar cases as mandating the result Stevens seeks here. Moreover, the Court notes that there is at least some authority for the proposition that *Twombly* and *Iqbal* do not require dismissal of a suit where discovery and/or trial have filled in any potential gaps in the plaintiff's complaint. *See Ideal Steel Supply Corp. v. Anza*, Civ. No. 09-3212, 2011 U.S. App. LEXIS 13176, at *38 (2d Cir. June 28, 2011) ("In light of the fact that discovery in this case had been completed . . . , we do not regard *Twombly* as requiring that defendants' Rule 12(c) motion be granted if evidence that had already been produced during discovery would fill the perceived gaps in the Complaint.").

Additionally, the Court concludes that, even if the Bankruptcy Court erred in denying Stevens' Motion to Dismiss, any such error was harmless since Stevens suffered no prejudice as a result. Stevens at all times retained the right to raise the defense of failure to state a claim by filing a Rule 12(c) motion or by asserting the defense at trial. *See* Fed. R. Civ. P. 12(h)(2). He also retained the right to challenge the sufficiency of Showalter's claims by filing, at any time, a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56,[9] or by filing, at the close of Showalter's case-in-chief at trial, a motion for judgment on partial findings pursuant to Federal Rule of Civil Procedure 52(c).[10] Given the multifarious options available to Stevens, none of which he chose to take,[11] the Court fails to see how he was in any way prejudiced by the denial of his Motion to Dismiss. Furthermore, it is sharply apparent that, even if the Bankruptcy Court *had* granted his Motion, it would have given Showalter leave to amend his Complaint, *see Hayden*, 594 F.3d at 161 n.9 (noting that, even after *Twombly* and *Iqbal*, leave to amend should be freely given), and the case almost certainly would have thereafter proceeded to the same end—namely, a final judgment in Showalter's favor.

Tellingly, Stevens does not attack the sufficiency of the evidence presented at trial, nor does he otherwise contest the merits of the Bankruptcy Court's ultimate decision. Instead, having failed to exhaust the several remedies available to him pursuant to Rules 12(c), 12(h)(2), 56, and 52(c), he now asks this Court to undo the entire case, including an extensive trial on the merits, and, if that were not enough, to enter judgment in his favor. The Court, without the least hesitation, denies the requested relief.

---

[9] Federal Rule of Civil Procedure 56 applies in adversary proceedings in Bankruptcy Court. *See* Fed. R. Bankr. P. 7056 ("[Federal Rule of Civil Procedure] 56 applies in adversary proceedings.").

[10] Federal Rule of Civil Procedure 52 applies in adversary proceedings in Bankruptcy Court. *See* Fed. R. Bankr. P. 52 ("[Federal Rule of Civil Procedure] 52 applies in adversary proceedings . . . .").

[11] *See supra* note 5.

**VI.**

For the foregoing reasons, the decision of the Bankruptcy Court is **AFFIRMED** and the case will be **CLOSED**. A separate Order will **ISSUE**.

_____/s/_____

**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**August 30, 2011**